```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION


HUBERTO PLUMEY,
                        Plaintiff,

v.                                  Case No.   3:07-cv-821-J-33TEM


PRO CLEAR AQUATIC SYSTEMS, INC., and
NIKOLIN LARI,

                        Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to the Joint Stipulation of Dismissal with Prejudice (Doc. # 7) filed on October 23, 2007.  The stipulation is signed by counsel for Plaintiff as well as counsel for Defendants. The Stipulation states, "Since Plaintiff has been fully compensated for his unpaid overtime claims without compromise, and including liquidated damages, the parties hereby stipulate that this case be dismissed with prejudice." (Doc. # 7 at 2).

**Background**

Plaintiff filed his complaint against Defendant on August 27, 2007 (Doc. # 1) alleging, <u>inter</u> <u>alia</u> that "[t]hroughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half the regular rate at which he was employed for workweeks longer than forty (40) hours." (Doc. # 1 at ¶ 9).  Plaintiff's complaint is not divided

into separate counts; however, it is clear that Plaintiff seeks both unpaid overtime wages due and owing and liquidated damages (Doc. # 1 at 3).  Both Defendants have been served with the complaint (Doc. ## 3,4), and neither Defendant has filed an answer to the complaint.

**Analysis**

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees.  FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).[1]  Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. <u>Id.</u>  However, as stated in <u>Su v. Electronic</u>

---

[1] In <u>Lynn's Food Store</u>, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations.  Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated.  Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

Arts, Inc., 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

Based on counsels' representation that Plaintiff has been "fully compensated for his unpaid overtime claims without compromise, and including liquidated damages" this Court finds it appropriate to approve the stipulation for dismissal with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that:

(1) This case is dismissed with prejudice.

(2) The Clerk is directed to enter judgment and to close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 24th day of October, 2007.

                                         _____
                                         VIRGINIA M. HERNANDEZ COVINGTON
                                         UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record